## WEBB v. COBB.

### Opinion delivered November 29, 1926.

1. CONTRACTS—MERGER OF WRITTEN IN ORAL CONTRACT.—A written contract may be superseded by a subsequent oral contract.

2. EVIDENCE—MODIFICATION OF WRITTEN BY ORAL CONTRACT.—The rule that parol evidence is not admissible to contradict, vary or alter the terms of a written instrument does not exclude the introduction of evidence to show that a written contract has been modified, altered or in fact entirely rescinded by a subsequent oral agreement.

3. EVIDENCE—BEST AND SECONDARY.—In a suit by a contractor for extra work under a contract for construction of a building, permitting him to testify as to the plans of the building to show what was extra work without introducing the written plans was not error where defendant had the original plans, and the contractor's evidence clearly distinguished between the work contracted for and the extra work.

4. TRIAL—INSTRUCTION ASSUMING FACTS.—Where a contractor claimed that a written contract for construction of a building had been abandoned and an oral contract substituted on account of defects in steel framework completed at time of the contract, and was suing for extra work, an instruction that, if defendant agreed to pay plaintiff for additional work on account of defects

in steel construction, plaintiff could recover for such extra work, was not erroneous as assuming that there were defects in the steel construction, in view of another instruction making it necessary for the jury to find whether there were defects in the steel construction.

Appeal from Garland Circuit Court; *Earl Witt,* Judge; affirmed.

*W. G. Bowic* and *Murphy & Wood,* for appellant.

*A. B. Belding* and *Gibson Witt,* for appellee.

SMITH, J.   Appellant was the general contractor for the construction of a four-story steel and brick building and an additional story on an old building for the Woodmen of Union, a negro fraternal organization in the city of Hot Springs.   Appellant and appellee entered into the following written agreement:

"Hot Spring National Park, Ark.,
"April 29, 1924.

"I, J. C. Cobb and Company, do hereby agree to build complete all brick work, terra cotta, and tile for the outside walls of the proposed W. O. U. bank and office building and the fourth story of the present building, corner Gulpha and Malvern Streets, city, in keeping with the plans and specifications furnished by W. T. Bailey, architect, for the sum of $8,250, to be paid as follows:

"For the first story $1,000; during and completing the second story $1,500; during and completing the third story $1,700.   And for the completion of the fourth floor and parapet walls complete, $4,000.   All of which is to be done in a workmanlike manner and subject to the usual conditions.

"John L. Webb, Principal.
"J. C. Cobb, Contractor."

After the execution of this contract, appellee commenced work, but, after a few weeks, discovered, according to his contention, that the spacing and openings in the steel work were irregular and not uniform, and that the uprights were out of plumb, and the brick and terra cotta would not fit and fill the openings without extra chipping, cutting and reshaping, and changing the levels

of many of the horizontal pieces of steel. When this condition was discovered, according to appellee's contention, it was seen that it was impracticable and impossible to follow the plans and specifications in building the walls with the materials furnished by appellant, and it was therefore agreed to abandon the written contract, and a new oral contract was made. This oral contract provided that appellee should furnish the labor for building the outside walls, without plans or specifications but under the directions of a superintendent employed and furnished by appellant, for the same price stipulated in the written contract, towit, $8,250, and appellant was to pay an additional charge for chipping, cutting and finishing the brick and terra cotta to fit the openings or spaces in the structural frame steel work of said building, and for all extra brick work done in and about the building.

Appellant's contention is that the steel framework and the terra cotta blocks were properly constructed, and that all trouble encountered by appellee was due to his own fault in improperly building his brick and terra cotta walls so that they were not plumb and in disregarding the terra cotta plans and the numbers on the terra cotta blocks which were intended to show where each of the blocks was to be placed in the structure, and that the written contract was not changed. Appellant also contends that appellee did no extra work except the construction of a smokestack at an agreed price of $900. Appellant alleged in his answer that appellee had abandoned the work without cause after having been paid more than he had earned under the contract, and appellant was required to employ another contractor to complete the job, thereby increasing the cost of the work to a sum largely in excess of the contract price, and a judgment for this excess was prayed in a cross-complaint filed by appellant.

The cause was submitted to the jury under instructions covering the two theories of the case, and there was a verdict and judgment for appellee in the sum of $2,500,

from which is this appeal. Appellant has abandoned the allegations of his cross-complaint.

The steel framework of the new building and the concrete foundations for this work were in place when appellee began operations.

Appellee testified that the steel was out of plumb, and gave as his reason for saying it was not plumb that his brick ran into the steel flanges at the second story, and at every other story. He testified that his brickwork was plumb, and, if the steel had been plumb, he would not have run into it with his brickwork, but he admitted that he never dropped a plumb line to get his starting point. He also testified that he properly placed the terra cotta blocks, and they did not fit. A number of witnesses corroborated appellee in these statements.

The testimony on appellant's behalf is in conflict with this testimony, but the verdict of the jury is decisive of the conflicts in the testimony as to the cause of the trouble.

When appellee was called as a witness in his own behalf, he offered in evidence the written contract set out above, and objection was made to its introduction unless and until the plans and specifications there referred to were also introduced in evidence. Appellant, while denying that there was a second or oral contract, insists that, if there were, it was still necessary to introduce the plans and specifications to determine what work done by appellee was called for in the contract; in other words, it could not be definitely known what part of the work was extra without knowing what work was contemplated in the plans and specifications with reference to which the written contract was made. By numerous objections to testimony and the instructions which were given, and by exceptions to the refusal to give other instructions, appellant preserved this point throughout the trial.

Appellee insists that he is not suing on the written contract, but on a subsequent oral contract; and he also insists that the testimony shows the work which the

plans and specifications required him to do, and also the extra work called for by the plans.

Appellee makes two answers to appellant's insistence that appellee should have offered in evidence the plans and specifications. The first is, as stated, that the suit was not based thereon, and the second is that the testimony does not show that appellee was in possession of a copy of the plans and specifications, but does show that appellant was in the possession of the original of the plans and specifications and might have introduced them, and we are unable to say that the testimony does not support appellee in both these contentions.

We think the court was correct in holding that appellee's right to recover was not dependent on the written contract, for, according to his contention, it had been superseded by a subsequent oral contract, and he had the right therefore to sue upon the oral contact.

One of the principal items for extra work involved in this appeal is for the construction of the pilasters. Appellee admits that the pilasters were shown on the original plans, but, when the plans were submitted to him, appellant stated that he did not want the pilasters, and for appellee to take no account of them in making his bid, yet, according to appellee, appellant changed his mind as the work progressed, and decided that he did want the pilasters, and directed appellee to build them, but this direction was not given until after the abrogation of the written contract. Appellant objected to this testimony, and insists that it is a contradiction of the written agreement by oral testimony.

We do not think this objection is well taken. The contract which was signed by the parties stipulated that the work should be "in keeping with the plans and specifications," which meant, of course, the plans as they then stood. Appellee does not contend that he was not to erect the building in keeping with these plans; on the contrary, he admits their binding effect. His contention is that the plans and specifications with reference to which he contracted did not call for the building of the

pilasters at the time the contract was signed. The plans and specifications were not incorporated in the contract except by reference to them, and the contract as signed did not undertake to define what these plans were. It was permissible therefore for appellee to show what the plans and specifications were with reference to which the parties had contracted.

In 9, Encyclopedia of Evidence, page 356, it is said: "The rule that parol evidence is not admissible to contradict, vary or alter the terms of a written instrument does not exclude the introduction of evidence to show that a written contract has been modified, altered, or in fact entirely rescinded by a subsequent oral agreement, the evidence not being for the purpose of varying the terms of the written instrument, but to show that it has become inoperative, either in whole or in part, by reason of a subsequent and independent agreement. It is immaterial how soon after the execution of the written instrument the new agreement was made."

Appellant insists that the question concerning the pilasters demonstrates the necessity for the introduction of the plans and specifications, as otherwise the court and jury could not know what work was extra, and, as appellant says, this is the principal error complained of. Appellant also insists that the cause was not and could not have been properly submitted under the instructions given, in the absence of the plans and specifications, as the jury could not tell what part of the work done was covered by the written agreement and what was not included in the written agreement.

We think, however, that appellee answers these assignments of error when it is shown that it does not clearly appear that appellee was in possession of the plans, whereas it is not questioned that appellant had the original plans and might himself have introduced them in evidence, and further, according to appellee, the testimony offered in his behalf distinguishes between the work contracted for and the extra work.

It is finally insisted that the court erred in giving an instruction numbered 9, which reads as follows: "If you believe from a fair preponderance of the evidence that, after the work was begun by the plaintiff under the written contract in evidence, the plaintiff and the defendant entered into a verbal agreement, whereby the defendant placed a superintendent in charge of the work to be done by the plaintiff and agreed to pay the plaintiff the usual or customary price for such additional work as would be necessary in completing defendant's contract on account of defects in the terra cotta or steel construction, and that, in said verbal agreement, the plaintiff agreed to perform additional work not contemplated in the written contract, then you should find for the plaintiff for any balance due him for such additional labor as was required on account of any defect in the terra cotta or steel construction, and for the usual or customary value of the work, if any, performed by the plaintiff not contemplated in the original contract."

The specific objection made to this instruction is that it assumes there were defects in the terra cotta or in the steel construction. This instruction must, however, be read in connection with another instruction which told the jury that appellee's insistence was that, on account of defects in the terra cotta and steel construction, it became necessary to abrogate the original contract, and, unless the facts were so found, to find for appellant, except as to certain additional work about which there was no dispute. This instruction required the jury to find that there were defects, and that, on account of these defects, a new contract was made, and we think therefore, when the two instructions are read together, the instruction quoted is not open to the objection made.

Upon a consideration of the whole case we find no error, so the judgment of the court below is affirmed.